J-S36030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SHANE JOSEPH PERRONE | : | |
| | : | |
| Appellant | : | No. 396 WDA 2022 |

Appeal from the Judgment of Sentence Entered March 23, 2022
In the Court of Common Pleas of Fayette County
Criminal Division at No(s):  CP-26-CR-0002003-2020

BEFORE:   STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                    **FILED: FEBRUARY 1, 2023**

Appellant, Shane Joseph Perrone, appeals from the judgment of sentence entered in the Fayette County Court of Common Pleas, following his bench trial convictions for driving under the influence of alcohol—general impairment ("DUI") and the summary offenses of signals on turning and careless driving.[1]  We affirm.

The trial court set forth the relevant facts of this appeal as follows:

> Trooper Anthony Svetz of the Pennsylvania State Police testified that on August 13, 2020, [Appellant] was traveling on West Main Street, North Union Township at the intersection of Sheetz with New Salem Road.  [Appellant] was traveling 10 m.p.h. in a posted 35 m.p.h. zone when he made an abrupt left-hand turn into the left turn lane.  When the traffic light turned green, [Appellant] did not make a left

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(a)(1), 3334(b), and 3714(a), respectively.

turn, but instead sped quickly from the turning lane into the far-right lane. The trooper activated his lights and sirens, but [Appellant] continued for approximately half a mile with his turn signal on before stopping. During this time, [Appellant] swerved within his lane, crossing the middle lane and the white fog line twice. [After approaching Appellant's vehicle, t]he trooper immediately smelled alcoholic beverage emanating from the vehicle. Once closer, the trooper noted the smell of alcohol on [Appellant's] breath and observed he had bloodshot eyes with dilated pupils. [Appellant] refused to exit his vehicle and the trooper had to assist him out. [Appellant] refused field sobriety tests and blood testing.

(Order, filed 4/12/21, at 1-2).

The Commonwealth charged Appellant with DUI and related summary offenses under the Motor Vehicle Code. On November 23, 2020, Appellant filed an omnibus pretrial motion arguing that "the Commonwealth has not established a *prima facie* showing that [Appellant] was intoxicated while operating said vehicle[.]" (Pretrial Motion, filed 11/23/20, at ¶4). The court conducted a hearing on January 26, 2021. On April 12, 2021, the court denied Appellant's pretrial motion.

On May 26, 2021, Appellant filed a *nunc pro tunc* motion for reconsideration. In it, Appellant presented an argument based upon the record developed at the pretrial hearing:

> The main thrust of [Appellant's] argument was that there was not sufficient evidence to stop the vehicle and relies on the State Police video to prove this fact. In sum, [Appellant] put on his left turn signal to turn from U.S. Route 40[, also referred to as West Main Street,] onto New Salem Road. Subsequently, [Appellant] put on his right turn signal, moved across the fast lane and into the slow lane on U.S. Route 40. At this point, the officer testified that he placed

his lights and siren on. Therefore, at that moment the officer had to have at least reasonable suspicion [to] stop [Appellant] when activating his lights and siren. Evidence that was offered after this point is irrelevant to determine if the stop was legal.

(*Nunc Pro Tunc* Motion, filed 5/26/21, at ¶3). On May 28, 2021, the court denied Appellant's *nunc pro tunc* motion.

Following a bench trial, the court found Appellant guilty of DUI and the summary offenses of signals on turning and careless driving. On March 23, 2022, the court sentenced Appellant to six (6) months of probation plus costs. Appellant timely filed a notice of appeal on April 5, 2022. On April 12, 2022, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed his Rule 1925(b) statement on April 28, 2022.

Appellant raises one issue on appeal:

Whether the … court … erred in denying [Appellant's] omnibus pretrial motion in failing to find that Pennsylvania State Police Troopers … lacked reasonable suspicion/probable cause to conduct the traffic stop of [Appellant's] vehicle … in that [they] did not have reasonable and articulable grounds that [Appellant] violated 75 Pa.C.S.A. § 3334(b) … and 75 Pa.C.S.A. § 3714(a) … either singularly or collectively or at the time of the stop was engaged in criminal activity.

(Appellant's Brief at 4).

Appellant contends Trooper Svetz did not possess reasonable suspicion or probable cause to support the traffic stop of Appellant's vehicle. Specifically, Appellant relies on Trooper Svetz's testimony from the pretrial

hearing, which established that the trooper initially noticed Appellant's vehicle because it was traveling in an exceedingly slow manner. Appellant emphasizes the trooper's testimony that he "noticed [Appellant] attempt to make a sudden left turn by turning his right signal on for a brief movement." (*Id.* at 13). Trooper Svetz, however, "offered no testimony that [Appellant] could not or did not make the left turn with reasonable safety…." (*Id.*) To the extent that the trooper also cited Appellant for careless driving, Appellant argues the Commonwealth "did not offer an iota of evidence that [Appellant's] operation of his vehicle prior to the stop posed a careless disregard of the safety of persons or property" where there was no oncoming traffic that was "adversely impacted" by Appellant's driving. (*Id.*) Appellant concludes the trooper conducted an illegal traffic stop, and the court should have suppressed all evidence obtained as a result of the stop. We disagree.

The following principles govern our review of an order denying a motion to suppress:

> An appellate court's standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, the appellate court is bound by [those] findings and may reverse only if the court's legal conclusions are erroneous. Where the appeal of the determination of the suppression court turns on allegations

- 4 -

of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to plenary review.

*Commonwealth v. Ford*, 175 A.3d 985, 989 (Pa.Super. 2017), *appeal denied*, 647 Pa. 522, 190 A.3d 580 (2018) (quoting *Commonwealth v. Jones*, 121 A.3d 524, 526-27 (Pa.Super. 2015)).

Our analysis of the quantum of cause required for a traffic stop begins with the Motor Vehicle Code, which provides:

**§ 6308.  Investigation by police officers**

\* \* \*

**(b)  Authority of police officer.—**Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has **reasonable suspicion** that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S.A. § 6308(b) (emphasis added).

"[D]espite subsection 6308(b)'s reasonable suspicion standard, some offenses, by their very nature, require a police officer to possess probable cause before he or she may conduct a traffic stop."  *Commonwealth v. Ibrahim*, 127 A.3d 819, 823 (Pa.Super. 2015), *appeal denied*, 635 Pa. 771, 138 A.3d 3 (2016).  "For a stop based on the observed violation of the Vehicle Code or otherwise non-investigable offense, an officer must have probable

cause to make a constitutional vehicle stop." ***Commonwealth v. Harris***, 176 A.3d 1009, 1019 (Pa.Super. 2017). ***See also Commonwealth v. Feczko***, 10 A.3d 1285, 1291 (Pa.Super. 2010), *appeal denied*, 611 Pa. 650, 25 A.3d 327 (2011) (stating mere reasonable suspicion will not justify vehicle stop when driver's detention cannot serve investigatory purpose relevant to suspected violation).

Additionally, the Motor Vehicle Code requires the use of turn signals as follows:

### § 3334.  Turning movements and required signals

**(a)   General rule.**—Upon a roadway no person shall turn a vehicle or move from one traffic lane to another or enter the traffic stream from a parked position unless and until the movement can be made with reasonable safety nor without giving an appropriate signal in the manner provided in this section.

**(b)   Signals on turning and starting.**—At speeds of less than 35 miles per hour, an appropriate signal of intention to turn right or left shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning.  The signal shall be given during not less than the last 300 feet at speeds in excess of 35 miles per hour.  The signal shall also be given prior to entry of the vehicle into the traffic stream from a parked position.

**(c)   Limitations on use of certain signals.**—The signals required on vehicles by section 3335(b) (relating to signals by hand and arm or signal lamps) shall not be flashed on one side only on a disabled vehicle, flashed as a courtesy or "do pass" signal to operators of other vehicles approaching from the rear, nor be flashed on one side only of a parked vehicle except as may be necessary for compliance with this section.

**(d)   Discontinuing turn signals.**—Turn signals shall

be discontinued immediately after completing the turn or movement from one traffic lane to another traffic lane.

75 Pa.C.S.A. § 3334.

Instantly, Trooper Svetz testified that Appellant's vehicle first caught his attention because it was driving at a slow rate of speed. Appellant then made an "abrupt" lane change, crossing into the left-hand turn lane and stopping at a red light. (N.T. Suppression Hearing, 1/26/21, at 6). Trooper Svetz explained that Appellant executed the lane change "while simultaneously turning on his turn signal, not a hundred feet before for a 35 mile per hour speed limits." (*Id.* at 7). Trooper Svetz elaborated that Appellant did not have the turn signal on before executing the lane change, and he "turned it on as he was turning" into the left-hand turn lane.[2] (*Id.*)

Here, Section 3334(b) requires that a turn signal "be given continuously during not less than the last 100 feet traveled by the vehicle before turning." 75 Pa.C.S.A. § 3334(b). Appellant did not comply with the statute where he failed to give a signal before moving into the left-hand turn lane. Regardless of what happened after the lane switch, Trooper Svetz's observations produced probable cause for a traffic stop based on a violation of Section

_____

[2] At the hearing, the Commonwealth provided the footage from the dashboard camera mounted in Trooper Svetz's vehicle. (*See* N.T. Suppression Hearing at 2-3). The disc containing this footage was included with the certified record on appeal, and we have reviewed it. Significantly, the footage confirmed Trooper Svetz's testimony concerning Appellant's driving maneuvers. (*See* Commonwealth's Suppression Exhibit 1).

3334. ***See Harris, supra***; 75 Pa.C.S.A. § 3334. Thus, we cannot say that the court erred in denying Appellant's pretrial motions, and we affirm. ***See Ford, supra***.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/1/2023